DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 5232
MICHAEL A HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 2:10-CV-1828-RCJ-(GWF) |
| v. | ) ) | |
| $49,220.00 IN UNITED STATES CURRENCY, | ) ) ) | |
| Defendant. | ) ) | |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF
FORFEITURE AS TO ANDREW JOSEPH NEVILLE, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and Andrew Joseph Neville ("Neville"), claimant herein, and his counsel, Dominic Gentile, stipulate as follows.

1.   That civil action alleges that the defendant 49,220.00 IN UNITED STATES CURRENCY, ("US$49,220.00") is subject to forfeiture, because, as alleged in the complaint,

1   those proceeds   were: furnished in exchange for a controlled substance; and/or are traceable to an

2   exchange of controlled substances; and/or were used, or intended to be used, to facilitate violations

3   of the Controlled Substances act; all in violation of 21 U.S.C. §881(a)(6).

4          2.   The US$49,220.00 is forfeited to the United States of America.

5          3.   Neville knowingly and voluntarily agrees to the abandonment, the civil administrative

6   forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the US$49,220.00.

7          4.   Neville knowingly and voluntarily agrees to abandon or to forfeit the US$49,220.00 to

8   the United States.

9          5.   Neville knowingly and voluntarily agrees to relinquish all right, title, and interest in the

10  US$49,220.00.

11         6.   Neville knowingly and voluntarily agrees to waive his right to any abandonment

12  proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture

13  proceedings, or any criminal forfeiture proceedings ("proceedings") concerning the US$49,220.00

14         7.   Neville knowingly and voluntarily agrees to waive service of process of any and all

15  documents filed in this action or any proceedings concerning the US$49,220.00.

16         8.   Neville knowingly and voluntarily agrees to waive any further notice to him, his

17  agents, or his attorneys regarding the forfeiture and disposition of the US$49,220.00.

18         9.   Neville knowingly and voluntarily agrees not to file any claim, answer, petition, or

19  other documents in any proceedings concerning the US$49,220.00

20         10.  Neville knowingly and voluntarily agrees to withdraw any claims, answers,

21  counterclaims, petitions, or other documents he filed in any proceedings concerning the

22  US$49,220.00.

23         11.  Neville knowingly and voluntarily agrees to waive the statute of limitations, the

24

25                                               2

26

1   CAFRA requirements, Fed. R. Crim. P. 7(c)(2), 32.2(a), and 32.2(b)(3), Fed. R. Civ. P. Supp. Rule

2   A, C, E, and G, and the constitutional due process requirements of any abandonment proceeding or

3   forfeiture proceeding concerning the US$49,220.00.

4          12.    Neville knowingly and voluntarily agrees to waive his right to a trial on the forfeiture

5   of the US$49,220.00.

6          13.    Neville knowingly and voluntarily agrees to waive (a) all constitutional, legal, and

7   equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim

8   concerning, and (c) any claim or defense under the Eighth Amendment to the United States

9   Constitution, including, but not limited to, any claim or defense of excessive fine in any the

10  abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal

11  forfeiture concerning the US$49,220.00.

12         14.    Neville knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of

13  the US$49,220.00 to the United States.

14         15.    Neville   understands that the forfeiture of the US$49,220.00 shall not be treated as

15  satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that

16  may be imposed on Neville in addition to forfeiture.

17         16.    Neville knowingly and voluntarily agrees to the conditions set forth in this Settlement

18  Agreement, Stipulation for Entry of Judgment of Forfeiture, and Order ("Settlement Agreement").

19         17.    Neville knowingly and voluntarily agrees to hold harmless the United States, the

20  United States Department of Justice, the United States Attorney's Office for the District of

21  Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees

22  from any claim made by Neville, or any third party arising out of the facts and circumstances of

23  this case.

24

25                                              3

26

18.   Neville knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Neville now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19.   After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer $16,407.67 to Neville through his attorney, Dominic Gentile (Gordon and Silver) at 3960 Howard Hughes Pkwy, Ninth Floor Vegas, Nevada 89169.   The check will be made payable to "Andrew Joseph Neville and Dominic Gentile."

20.   Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

21.   The Settlement Agreement contains the entire agreement between the parties.

22.   Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

23.   The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on

4

1    whose behalf they are signing, to the terms of the Settlement Agreement.

2        24.  This Settlement Agreement shall be construed and interpreted according to federal

3    forfeiture law and federal common law.   The jurisdiction and the venue for any dispute related to,

4    and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United

5    States District Court for the District of Nevada, located in Las Vegas, Nevada.

6        25.  Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

7        26.  This Settlement Agreement shall not be construed more strictly against one party than

8    against the other merely by virtue of the fact that it may have been prepared primarily by counsel

9    for one of the parties; it being recognized that both parties have contributed substantially and

10    materially to the preparation of this Settlement Agreement.

11        IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

12    reasonable cause for the seizure and forfeiture of the US$49,220.00 in United States Currency.

DATED: _____5/16/12_____        DATED: _____May 17, 2012_____

13

GORDON SILVER        DANIEL G. BOGDEN

14                       United States Attorney

15

16    DOMINIC GENTILE        MICHAEL HUMPRHEYS

Counsel for Andrew Neville        Assistant United States Attorneys

17    DATED: _____5-15-12_____

18

19    ANDREW NEVILLE

20

21                         IT IS SO ORDERED:

22

23                         UNITED STATES DISTRICT JUDGE

24                         DATED: June 20, 2012

25                                 5

26