1
2
3
4
5
6
7
8
9 **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF NEVADA**

11 UNITED STATES OF AMERICA,               )
                                          )
12                    Plaintiff,           )
                                          )
13        v.                               )      2:10-CV-1828-MMD-(GWF)
                                          )
14 $49,220.00 IN UNITED STATES CURRENCY, )
                                          )
15 _____Defendant._____)

16              <u>DEFAULT JUDGMENT OF FORFEITURE</u>

17        The United States filed a verified Complaint for Forfeiture in Rem on October 20, 2010.  ECF

18 No. 1.  The Complaint (ECF No. 1) alleges the defendant property:

19              a.    was furnished or was intended to be furnished in exchange for controlled

20                    substances in violation of Title II of the Controlled Substances Act, 21 U.S.C.

21                    § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21

22                    U.S.C. § 881(a)(6);

23              b.    is proceeds traceable to exchanges of controlled substances in violation of Title

24                    II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to

25                    forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

26 . . .

c.   was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

On November 30, 2010, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem.  ECF Nos. 3 and 4.

Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order (ECF No. 3), the Summons and Warrant (ECF No. 4), and the Notice of Complaint for Forfeiture (ECF No. 7) were served on the defendant property, and the Notice was published according to law. ECF No. 6.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court within 30 days of the publication of the Notice or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims.  ECF Nos. 1, 3, 4, 6, and 7.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from December 9, 2010, through January 7, 2011. ECF No. 6, p. 2-4.

On August 10, 2012, the United States Marshals Service served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice by executing them on the defendant property. ECF No. 20, p, 2-18.

On January 28, 2011, the Notice of Filing Proof of Publication Process was filed. ECF No. 6.

On May 18, 2012, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Andrew Joseph Neville, and Order, regarding the $49,220.00 in United States Currency.  Andrew Joseph Neville waived, among other things, service of process. ECF No. 17.

2

On June 20, 2012, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Andrew Joseph Neville, and Order. ECF No. 19.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On November 1, 2012, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.  ECF No. 21.

On November 2, 2012, the United States filed a corrected copy of the proposed Clerk's Default. ECF No. 22.

On November 2, 2012, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. ECF No. 23.

Andrew Joseph Neville is not in the military service within the purview of the Servicemembers Civil Relief Act.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

. . .

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

DATED THIS 11th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4